FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 05 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
C:\Users\june\AppData\Local\Temp\notesC7A056\Singh13cv220_JBW.deportation.dis.wpd
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PARMJIT SINGH,

                Petitioner,              **MEMORANDUM AND ORDER**

    -against-                               13 CV 220 (JBW) (LB)

US ICE/DHS,

                Respondent.
----------------------------------------------------------------X
WEINSTEIN, United States District Judge:

      Petitioner Parmjit Singh, appearing *pro se* and currently incarcerated at Washington Correctional Facility, filed this petition seeking to "enjoin the defendants from executing an order of deportation against him." Petition at 1. Petitioner alleges that the "deportation hearing was held on October 5, 2010," that he has exhausted all administrative remedies, and that the order will become effective on March 14, 2013. Petition at 2. The Court grants petitioner's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The petition is dismissed as set forth below.

      The REAL ID Act, enacted May 11, 2005, amended federal law to provide that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code . . . a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter[.]" 8 U.S.C. § 1252(a)(5); see also Marquez-Almanzar v. I.N.S., 418 F.3d 210, 215 (2d Cir. 2005) (finding that "8 U.S.C. § 1252(a)(5) unequivocally eliminates habeas corpus review of orders of removal" in district courts). This bar also applies to indirect challenges to the order of removal. See Delgado v. Quarantillo, 643 F.3d 52, 55 (2d Cir. 2011) (*per curiam*) (holding that district court did not have jurisdiction over indirect challenges to a removal order, including the denial of an I-212 application).



Since petitioner filed this petition challenging his order of deportation or removal after the enactment of the REAL ID Act, the district court lacks jurisdiction over this petition.

Accordingly, this petition challenging an order of deportation or removal is dismissed for lack of jurisdiction. A certificate of appealability shall not issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

JACK B. WEINSTEIN
United States District Judge

Dated: January 29, 2013
Brooklyn, New York